# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TIMOTHY J. KLEIN, | * |
| Plaintiff, | * |
| v. | * Civil Case No.: JKB-15-0001 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * |
| Defendant. | * |

## REPORT AND RECOMMENDATIONS

The above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). [ECF No. 3]. I have considered the parties' cross-motions for summary judgment and the related filings. [ECF Nos. 22, 23, 24]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g).

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

Mr. Klein filed his claim for Disability Insurance Benefits ("DIB") on February 28, 2011, alleging a disability onset date of August 11, 2010. (Tr. 327). His claim was denied initially and on reconsideration. (Tr. 174, 180). After a lengthy procedural history, including a 2015 consent remand to the Social Security Administration ("SSA") [ECF No. 10], on July 19, 2016, a hearing was held before an Administrative Law Judge ("ALJ"), (Tr. 53-80). Following the hearing, the ALJ determined that Mr. Klein was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 28-52). The Appeals Council denied Mr. Klein's request for review, (Tr. 1-4), so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Klein suffered from the severe impairments of "left knee degeneration, diabetes mellitus, hypertension, ischemic heart disease, affective disorder, and anxiety disorder." (Tr. 33). Despite these impairments, the ALJ determined that Mr. Klein retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb, balance, and stoop and frequently stoop, kneel, crouch, and crawl. He can perform simple, unskilled work on a sustained basis in a competitive work environment. He can maintain concentration, persistence, and pace for two hours before taking a break from work and he can do that repeatedly to complete an 8-hour workday.

After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Klein could perform jobs existing in significant numbers in the national economy, and that, therefore, he was not disabled. (Tr. 44).

Mr. Klein raises two arguments on appeal, specifically that the ALJ erroneously: (1) assessed his RFC in violation of *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), Pl.'s Mem., 10-17; and (2) failed to consider his obesity as a medically determinable severe impairment, *id.* at 18-27. Mr. Klein's first argument is dispositive.

**DISCUSSION**

Mr. Klein first argues that the ALJ erred by failing to include his moderate limitations with regard to concentration, persistence, or pace in the RFC assessment, in violation of *Mascio*. Pl.'s Mem., at 10-17. In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et. seq.*, pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1520a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. § 404.1520a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three

areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See, e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. Further, the regulations offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation

4

as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found that Mr. Klein had moderate difficulties maintaining concentration, persistence, or pace. (Tr. 35). The ALJ's analysis stated: "The claimant reported difficulty focusing to complete paperwork, focusing on task, and finishing a task." *Id.*

According to 20 C.F.R. § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 C.F.R. § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

*Id.* § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Klein's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Klein to have moderate difficulties in concentration, persistence, and pace, instead of mild or no difficulties, and how those difficulties restrict his RFC to "simple, unskilled work on a sustained basis in a competitive work environment" with the capacity to "maintain concentration, persistence, and pace for two hours before taking a break from work and he can

5

do that repeatedly to complete an 8-hour work day." (Tr. 36). In particular, the ALJ provided no discussion of Dr. Knott's October 2015 findings that Mr. Klein was "likely limited in his ability to engage in tasks due to mood symptoms" and that his "[c]oncentration problems and mood symptoms likely limited his ability to initiate tasks, sustain tasks over time, or engage in complex tasks." (Tr. 40). In light of this inadequacy, I recommend remand to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*. In so recommending, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Klein is not entitled to benefits is correct.

Mr. Klein also argues that the ALJ erred by failing to consider his obesity as a medically determinable severe impairment, Pl.'s Mem., at 18-27. Because remand is recommended on other grounds, I need not address this argument. On remand, the ALJ should review the record regarding Mr. Klein's obesity and, if needed, should correct any deficiencies.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 23];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 22];

3. the Court REVERSE IN PART due to inadequate analysis the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: July 13, 2018                                              /s/
                                                                            Stephanie A. Gallagher
                                                                            United States Magistrate Judge