UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

September 21, 2020

LETTER TO COUNSEL

     RE:    *Timothy K. v. Saul*
              Civil No. DLB-15-1

Dear Counsel:

     Theodore A. Melanson, Esq. has filed a request for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with the representation of plaintiff before the Court. ECF No. 40.[1] In response, the Commissioner asked the Court to consider whether the requested amount constitutes a reasonable fee. ECF No. 42. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the request for attorney's fees is GRANTED IN PART.

     Plaintiff filed his complaint on January 2, 2015. ECF No. 1. On February 9, 2015, the Commissioner filed a consent motion to remand under sentence six of 42 U.S.C. § 406(g) for "consideration of additional evidence." ECF No. 9. The Court remanded plaintiff's case on February 9, 2015. ECF No. 10. His case was reopened in this Court on February 1, 2018 by consent of the parties, ECF Nos. 13, 15, and the Court remanded plaintiff's case under sentence four of 42 U.S.C. § 406(g) for further analysis, ECF Nos. 25, 29. On October 25, 2018, the Court awarded Mr. Melanson a total of $5,200.00 for 26.75 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF Nos. 32-7, 37. Plaintiff subsequently received an Award Notice, in which he was awarded $173,849.00 in past-due benefits. ECF No. 40-1 at 2. On August 21, 2020, Mr. Melanson filed a request for attorney's fees, seeking $43,462.25 in attorney's fees, and agreeing to reimburse the EAJA award to plaintiff. ECF No. 40; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

     The Act authorizes a reasonable fee for successful representation before the Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases,

---

[1] Mr. Melanson first filed a petition for attorney's fees on February 11, 2020 explaining that plaintiff's Notice of Award did not indicate whether 25% of his past-due benefits had been withheld for attorney's fees. ECF No. 38. The Court issued a status report order on August 10, 2020. ECF No. 40. Mr. Melanson responded by filing this pending amended petition for attorney's fees. ECF No. 41.

*Timothy K. v. Saul*
Civil No. DLB-15-1
September 21, 2020
Page 2

a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Melanson and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which he might become entitled. ECF No. 32-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted itemized reports documenting 26.75 chargeable hours he worked on plaintiff's case. ECF No. 32-7 (listing a total of 26.90 hours, 0.15 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Melanson receives the full amount of fees he requests, his fee for representation before the Court will effectively total $1,624.76 per hour. Therefore, Mr. Melanson must show that an effective rate of $1,624.76 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson's typical hourly billing rate is $300.00. ECF No. 32-6 ¶ 6. This is the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Although it is customary in Social Security cases for courts to approve effective rates that are significantly higher than typical hourly billing rates, Mr. Melanson's requested effective hourly rate of $1,624.76 is over five times his typical hourly rate and exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals. *See, e.g.*, *Christina M. v. Saul*, No. CBD-17-2540, 2020 WL 886168, at 2 (D. Md. Feb. 24, 2020) (approving contingency fee agreement with effective hourly rate of $1,000.00); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with effective hourly rate of $1,028.14); *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with effective hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12). Hourly rates exceeding $1,000.00 are the exception, not the rule. The Court acknowledges Mr. Melanson's effective performance and the substantial past-due benefit award to his client but finds that his request for $43,462.25 in fees for 26.75 hours of work would result in a windfall. Instead, the Court determines that an award of $26,750.00, amounting to an effective hourly rate of $1,000.00—more than triple the top hourly rate for an attorney of Mr. Melanson's experience—would adequately compensate Mr. Melanson for the time that he spent

---

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Currently, Mr. Melanson has over five years of experience, ECF No. 32-6 ¶ 5, and the presumptively reasonable hourly rate for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00, Loc. R. App. B (D. Md. 2018).

*Timothy K. v. Saul*
Civil No. DLB-15-1
September 21, 2020
Page 3

on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with effective hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

      For the reasons set forth herein, this Court GRANTS IN PART the attorney's fee request. ECF No. 40. This Court will award Mr. Melanson attorney's fees totaling $26,750.00. Mr. Melanson is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                      Sincerely yours,

                                      /s/

                                      Deborah L. Boardman
                                      United States Magistrate Judge